1  PAUL L. REIN, Esq. (SBN 43053)
   CELIA McGUINNESS, Esq. (SBN 159420)
2  CATHERINE M. CABALO, Esq. (SBN 248198)
   LAW OFFICES OF PAUL L. REIN
3  200 Lakeside Dr., Suite A
   Oakland, CA 94612
4  Tel. 510/832-5001
   Fax 510/832-4787
5  reinlawoffice@aol.com

6  Attorneys for Plaintiff
   DERRICK SAENZ-PAYNE
7

8  KAMALA D. HARRIS, Esq. (SBN 146672)
   Attorney General of California
9  DAVID A. CARRASCO, Esq. (SBN 160460)
   Supervising Deputy Attorney General
10 1300 I Street, Suite 125
   P.O. Box 944255
11 Sacramento, CA 94244-2550
   Telephone: (916) 323-1938
12 Fax: (916) 324-5205
   E-mail: david.carrasco@doj.ca.gov
13
   Attorneys for Defendants: High Desert State Prison,
14 Department of Corrections and Rehabilitation, State
   of California, and California Correctional Center
15

16

17              IN THE UNITED STATES DISTRICT COURT

18         IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

19
       DERRICK SAENZ-PAYNE,            CASE NO.   2:10-cv-01455 MCE-EFB
20                                     Civil Rights
              Plaintiff,
21                                     SETTLEMENT AGREEMENT
22     v.                              AND ORDER

23
       STATE OF CALIFORNIA;
24     CALIFORNIA DEPARTMENT OF
       CORRECTIONS;  CALIFORNIA
25     CORRECTIONS CENTER; HIGH
       DESERT STATE PRISON; and
26     DOES 1-10, Inclusive,

27            Defendants.
       _____/
28

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                 –1–

1.     Plaintiff DERRICK SAENZ-PAYNE filed a First Amended Complaint in this action on July 9, 2010, to obtain recovery of damages for his alleged discriminatory experiences, denial of access, and denial of his civil rights, and to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. sections 12101 *et seq.*, and California civil rights laws against Defendants  STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS; CALIFORNIA CORRECTIONS CENTER; and HIGH DESERT STATE PRISON relating to the condition of their public accommodations as of April 11, 2009, and continuing. Plaintiff has alleged that Defendants violated Title II of the ADA; California Civil Code sections 51, 52, 54, 54.1, 54.3 and 55; California Health & Safety Code section 11135; and California Government Code section 4450 *et seq.* by failing to provide full and equal access to their programs, services and activities at the public visiting areas of High Desert State Prison and the California Corrections Center, located at Susanville, California.

2.     Defendants STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS;  CALIFORNIA CORRECTIONS CENTER; and HIGH DESERT STATE PRISON deny the allegations in the Complaint and by entering into this Settlement Agreement and [Proposed] Order do not admit liability to any of the allegations in Plaintiff's Complaint filed in this action.  Plaintiff DERRICK SAENZ-PAYNE and defendants  STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS; CALIFORNIA CORRECTIONS CENTER; and HIGH DESERT STATE PRISON ,  hereinafter collectively, "the parties," hereby enter into this Settlement Agreement and [Proposed] Order for the purpose of resolving this lawsuit without the need for protracted litigation and without the admission of any liability.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB

–2–

**JURISDICTION:**

3.   The parties to this Settlement Agreement and [Proposed] Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 *et seq.,* and pursuant to supplemental jurisdiction for alleged violations of California law.

4.   In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this Settlement Agreement and [Proposed] Order agree to entry of this Settlement Agreement to resolve all claims  raised in the Complaint filed with this Court.  Accordingly, they agree to the entry of this Settlement Agreement and [Proposed] Order without trial or further adjudication of any issues of fact or law.

        WHEREFORE, the parties agree and stipulate to the Court's entry of this Settlement Agreement and [Proposed] Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

5.   This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants.  The parties agree that there has been no admission or finding of liability for any claim in this Action, and this Settlement Agreement and [Proposed] Order shall not be construed as such.

6.   The parties agree and stipulate that the agreed-upon modifications will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and the Americans with Disabilities Act Accessibility Guidelines, unless other standards are specifically agreed to in this Settlement Agreement and [Proposed] Order.

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                                    –3–

7.   **Modifications:**  Defendants agree to perform modifications at High Desert State Prison (HDSP) and California Corrections Center (CCC), both located at Susanville, California.  For High Desert State Prison, defendants will complete all the recommendations delineated in the "Survey, Report and Recommendations for High Desert State Prison" by Peter Margen, dated January 17, 2011, and incorporated herewith by reference as **Attachment A.**   For California Correctional Center, defendants will complete all the recommendations delineated in the "Survey, Report and Recommendations for California Correctional Center" by Peter Margen, dated January 17, 2011, and incorporated herewith by reference as **Attachment B.** Defendants agree to institute written policies for both prisons as delineated in **Attachment C**, incorporated herewith by reference.

8.   **Timing of Injunctive Relief**:

    a.   All modifications identified in Paragraph 7 will be completed no later than September 30, 2013, except for the items delineated in **Attachment D**, incorporated herewith by reference.  The items in Attachment D will be completed within 30 days of defendants signing this Settlement Agreement.

    b.   In the event that unforeseen difficulties prevent Defendants from completing any of the agreed-upon injunctive relief within the designated time frame, Defendants or their counsel will notify Plaintiff's counsel in writing within 15 days of discovering the delay.

    c.   Policies as outlined in Attachment C, incorporated herewith by reference,  will be implemented within 30 days of the signing of this Settlement Agreement.  All current employees whose duties are affected by the policies will be trained within 21 days of

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB

– 4 –

1    implementing the policies.  All employees hired after the

2    implementation date will be trained in these policies within 21 days

3    of hiring.

4    **9.    Monitoring:**  Defendants or their counsel will notify Plaintiff's counsel

5    when the modifications are completed, and in any case will provide a

6    status report no later than 45 days from the entry of this Settlement

7    Agreement and [Proposed] Order and every 180 days until corrective work

8    is complete.   Upon notifying plaintiff that the work has been completed,

9    defendants will cooperate with plaintiff's counsel in arranging for a review

10   of the facilities by Peter Margen within a reasonable time period.  Attorney

11   fees for enforcement of injunctive relief will not accrue during the

12   monitoring period.   Defendants will not be charged for Peter Margen's

13   facilities review under this paragraph.

14

15   **DAMAGES AND  ATTORNEY FEES, LITIGATION EXPENSES AND
16   COSTS:**

17   10.    The parties have reached an agreement as to plaintiff's damages, attorney

18   fees, litigation expenses and costs.  Defendants shall pay $ 96,300 as full

19   and final resolution of Plaintiff's claims for all statutory, actual, and

20   personal injury damages, including, but not limited to, general,

21   compensatory, and special damages, attorney fees, litigation expenses and

22   costs.  Payment shall be made by one check made payable to "Paul L. Rein

23   in Trust for DERRICK SAENZ-PAYNE."  Payment shall be received at

24   the Law Offices of Paul L. Rein, 200 Lakeside Drive, Suite A, Oakland,

25   CA 94612 no later than November 28, 2011.  If payment is not received by

26   November 28, 2011, the Court will issue an Order to Show Cause Re:

27   Contempt as delineated in paragraph 12, below.  Upon receipt of (1) the

28   executed Settlement Agreement and Order and (2) a fully completed Payee

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                  –5–

Data Record Form (collectively referred to as "closing documents"),
CDCR shall use reasonable efforts to process the necessary paperwork in
order to procure a check for payment of the settlement amount.  While
CDCR will attempt to make the settlement payment as soon as practicable,
the parties understand that this payment can take up to 180 days because of
contingencies such as funding, including the absence of a state budget; a
funding shortfall despite the presence of a state budget; delays within the
State Controller's Office and other additional delays due to no fault on the
part of CDCR.  Unless otherwise ordered by the Court, no interest shall
accrue or be paid on any sum made payable under the terms of this
settlement agreement.

**ENFORCEMENT:**

11.  Except for payment of damages and fees outlined in paragraph 12 below, if
any party believes that another party has failed to fulfill any obligation
under this Settlement Agreement, the Party shall, prior to initiating any
court proceeding to remedy such failure, give written notice of the failure
to the lead counsel of record for the other Party and attempt in good faith
to resolve any such failure.  The parties shall negotiate for not less than 60
days after receiving written notice and attempt to resolve their differences
in good faith, before any court action is initiated.

12.  Should defendants fail to pay the damages, attorney fees, litigation
expenses and costs by November 28, 2011, the Court will issue an Order to
Show Cause re: Contempt, requiring a CDCR representative at Deputy
Warden level or higher to personally appear and explain why the payment
has not been made.  At the hearing on the OSC the Court will also
entertain an oral motion from plaintiff's counsel for compensation for their
attorney fees, litigation expenses and costs incurred in attending the

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                    – 6 –

1    hearing.

2    13.   All motions for enforcement of the terms of this Agreement shall be heard

3          by Magistrate Judge Dale A. Drozd.

4

5    **ENTIRE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER:**

6    14.   This Settlement Agreement and [Proposed] Order and Attachments A

7          through D to this Settlement Agreement and [Proposed] Order, which are

8          incorporated herein by reference as if fully set forth in this document,

9          constitute the entire agreement between the signing parties on the matters

10         of injunctive relief, damages, attorney fees, litigation expenses and costs.

11

12   **SETTLEMENT AGREEMENT AND [PROPOSED] ORDER BINDING ON
     PARTIES AND SUCCESSORS IN INTEREST:**

13

14   15.   This Settlement Agreement and [Proposed] Order shall be binding on the

15         parties and all successors in interest.  The parties have a duty to notify all

16         such successors in interest of the existence and terms of this Settlement

17         Agreement and [Proposed] Order during the period of the Court's

18         jurisdiction of this Settlement Agreement and [Proposed] Order.

19

20   **MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:**

21

22   16.   Each of the parties to this Settlement Agreement and [Proposed] Order

23         understands and agrees that there is a risk and possibility that, subsequent

24         to the execution of this Settlement Agreement and [Proposed] Order, any

25         or all of them will incur, suffer or experience some further loss or damage

26         with respect to the lawsuit which are unknown or unanticipated at the time

27         this Settlement Agreement and [Proposed] Order is signed.  Except for all

28         obligations required in this Settlement Agreement and [Proposed] Order,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                    –7–

the parties intend that this Settlement Agreement apply to all such further loss with respect to the lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement and [Proposed] Order.  Therefore, except for all obligations required in this Settlement Agreement and [Proposed] Order, this Settlement Agreement and [Proposed] Order shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement and [Proposed] Order with respect to the lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER  MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

17.   Except for all obligations required in this Settlement Agreement and [Proposed] Order, each of the parties to this Settlement Agreement and [Proposed] Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                        – 8 –

**TERM OF THE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER:**

18. This Settlement Agreement and [Proposed] Order shall be in full force and effect for a period of six years after the date of entry of this Settlement Agreement and [Proposed] Order.

**SEVERABILITY:**

19. If any term of this Settlement Agreement and [Proposed] Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and [Proposed] Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

20. Signatories on behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and [Proposed] Order.  This Settlement Agreement and [Proposed] Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: August 10, 2011   PLAINTIFF DERRICK SAENZ-PAYNE


_____/s/_____
DERRICK SAENZ-PAYNE

Dated: July 27, 2011      DEFENDANT  STATE OF CALIFORNIA

By: ___/s/_____

(Print name: _____)

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB          –9–

1   Dated: July 27, 2011          DEFENDANT  CALIFORNIA DEPARTMENT OF
2                                 CORRECTIONS

3                                     By:  ___/s/_____

4                                     (Print name: _____)

5
    Dated: July 27, 2011          DEFENDANT  CALIFORNIA CORRECTIONS
6                                 CENTER

7
                                      By:  ___/s/_____
8
                                      (Print name: _____)
9

10  Dated: July 25, 2011          DEFENDANT HIGH DESERT STATE PRISON

11
                                      By:  ___/s/_____
12
                                      (Print name: _____)
13

14  APPROVED AS TO FORM:

15  Dated: August 10, 2011        PAUL L. REIN
                                  CELIA McGUINNESS
16                                CAT CABALO
                                  LAW OFFICES OF PAUL L. REIN
17

18
                                  By:  ___/s/_____
19                                Attorneys for Plaintiff
                                  DERRICK SAENZ-PAYNE
20

21  DATED: July 27, 2011          KAMALA D. HARRIS
                                  Attorney General of California
22                                DAVID A. CARRASCO
                                  Supervising Deputy Attorney General
23

24                                    ___/s/_____
                                  DAVID A. CARRASCO
25                                Supervising Deputy Attorney General
                                  Attorneys for Defendants
26                                High Desert State Prison, Department of
                                  Corrections and Rehabilitation, State of
27                                California, and California Correctional Center

28

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
**(510) 832-5001**

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                          –10–

1

**ORDER**

2

3    Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

4    DATED: September 26, 2011.

5

6    _Dale A. Drozd_
_____
7    DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE
8    Ddad1\orders.civil\saenz-payne1455.stipord.settagr

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA **94612-3503**
**(510) 832-5001**

SETTLEMENT AGREEMENT AND ORDER
CASE NO. 2:10-cv-01455 MCE-EFB                    -11-